IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

HARTFORD LIFE AND ANNUITY )
INSURANCE COMPANY and )
THE PRUDENTIAL INSURANCE )
COMPANY OF AMERICA, )
                                      )
     Plaintiffs, )
                                      )
v. ) Case No. _____
                                      )
THE ESTATE OF KELLY BRATCHER, )
BRUCE BRATCHER, FORREST )
BRATCHER, H.B., a minor, and KYLE )
BRATCHER, )
                                      )
     Defendants. )

## COMPLAINT IN INTERPLEADER

Plaintiffs, Hartford Life and Annuity Insurance Company ("Hartford") and The Prudential Insurance Company of America ("Prudential") (collectively referred to as the "Plaintiffs"), by and through their undersigned attorneys, for their Complaint in Interpleader, allege as follows:

### PARTIES

1. Hartford is an insurance company organized and existing under the laws of the state of Connecticut with its principal place of business in Connecticut. Hartford is duly authorized to do business in the State of Tennessee.

2. Prudential is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. Prudential is duly authorized to do business in the State of Tennessee.

3. Upon information and belief, Kelly A. Bratcher (the "Insured") was a resident of Greeneville, Tennessee.

4. Upon information and belief, Judy Robinson, the Executor of the Estate of Kelly Bratcher, is a resident of Greeneville, Tennessee.

5. Upon information and belief, the Insured's husband, Bruce C. Bratcher, is a resident of Greeneville, Tennessee.

6. Upon information and belief, the Insured's son, Forrest Bratcher, is a resident of Greeneville, Tennessee.

7. Upon information and belief, the Insured's minor daughter, H.B., is a resident of Greeneville, Tennessee and may be served through her guardian, Forrest Bratcher.

8. Upon information and belief, the Insured's son, Kyle Bratcher, is a resident of Blacksburg, Virginia.

## JURISDICTION AND VENUE

9. This Court has jurisdiction under 28 U.S.C. § 1335, in that the adverse claimants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity between the claimants under *State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. 523 (1967). Upon information and belief, the Defendants are residents of Virginia and Tennessee.

10. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is also proper in this federal jurisdiction pursuant to 28 U.S.C § 1397 because one or more of the claimants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

11. On or about May 20, 1988, ITT Life Insurance Corporation (which subsequently became Hartford Life and Annuity Insurance Company), issued individual life insurance policy number LU0919191 (the "Policy") to the Insured, providing coverage on the life of the Insured.

12. By Life Insurance Application dated May 17, 1988, the Insured designated her mother, Janet A. Pepin ("Janet Pepin"), as the sole primary beneficiary of the Policy, and her aunt, Bonnie Billings, as the sole contingent beneficiary of the Policy. *A copy of the Application dated May 17, 1988 is attached hereto as **Exhibit A**.*

13. By Request for Service form dated January 28, 1993, the Insured named her husband, Bruce C. Bratcher ("Bruce Bratcher"), as the sole primary beneficiary of the Policy and Janet A. Pepin, her mother, as the sole contingent beneficiary of the Policy. *A copy of the Request for Service form dated January 28, 1993 is attached hereto as **Exhibit B**.*

14. Prudential subsequently became the administrator of the Policy.

15. Upon information and belief, the Insured died on February 29, 2016. *A copy of the Certificate of Death is attached hereto as **Exhibit C**.*

16. Upon information and belief, the Insured died as a result of gunshot wounds and her death was ruled a homicide.

17. As a result of the death of the Insured, a death benefit in the amount of $63,785.21 became due and payable to a beneficiary or beneficiaries (the "Death Benefit"), plus applicable interest, if any, and liability is conceded to that effect.

18. Upon information and belief, Bruce Bratcher was charged with second degree murder of the Insured.

3

19. By letter from his counsel dated July 15, 2016, Bruce Bratcher asserted his right to the Death Benefit. *A true and correct copy of the letter dated July 15, 2016 is attached hereto as **Exhibit D**.*

20. If Bruce Bratcher is convicted of the Insured's murder, then he would forfeit any right to the Death Benefit under both federal common law and Tennessee state law. *See* Tennessee Code Ann § 31-1-106, which states, in relevant part:

> Any person who kills, or conspires with another to kill, or procures to be killed, any other person from whom the first named person would inherit the property, either real or personal, or any part of the property, belonging to the deceased person at the time of the deceased person's death, or who would take the property, or any part of the property, by will, deed, or otherwise, at the death of the deceased, shall forfeit all right in the property, and the property shall go as it would have gone under § 31-2-104, or by will, deed or other conveyance, as the case may be; provided, that this section shall not apply to any killing done by accident or in self-defense.

21. Upon information and belief, Janet Pepin predeceased the Insured.

22. Pursuant to the terms of the Policy, if a named beneficiary dies before the Insured, that person's interest in the Policy ends.

23. If Bruce Bratcher is convicted of the Insured's murder and therefore forfeits any right to the Death Benefit, then the Policy would not have any named beneficiaries.

24. Pursuant to the terms of the Policy, if no named beneficiary survives the Insured, the Death Benefit would then be paid to the Insured's Estate.

25. There have been no other claims for the Death Benefit. Under the circumstances, Plaintiffs cannot determine factually or legally who is entitled to the Death Benefit. By reason of the actual or potential claims of the Defendants, Plaintiffs are, or or may be exposed to multiple liability.

26. Plaintiffs are ready, willing and able to pay the Death Benefit, plus claim interest, if any, payable in accordance with the terms of the Policy, Tennessee state law and/or to whomever this Court shall designate.

27. As mere stakeholders, Plaintiffs have no interest (except to recover their attorneys' fees and cost of this action) in the Death Benefit payable and respectfully requests that this Court determine to whom said benefits should be paid.

28. Accordingly, with the Court's permission, Plaintiffs will deposit with the Court the Death Benefit, plus claim interest, if any, for subsequent disbursement in accordance with the judgment of this Court.

29. Plaintiffs have not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between Plaintiffs and any of the other parties. Plaintiffs bring this Complaint of their own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, Plaintiffs prays that the Court enter judgment:

(a) appointing a Guardian ad Litem to represent the interests of H.B., a minor, in connection with this Interpleader action and her potential claim to the Death Benefit;

(b) requiring the Defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the Death Benefit;

(c) enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Policy and/or the Death Benefit;

(d) requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefit should be paid;

(e) permitting Plaintiffs to deposit the amount of the Death Benefit, plus claim interest, if any, into the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(f) discharging Plaintiffs from any and all further liability to Defendants relating in any way to the Policy and/or the Death Benefit upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(g) awarding Plaintiffs their attorneys' fees and costs in their entirety; and

(h) awarding Plaintiffs any other and further relief that this Court deems just and proper.

Respectfully submitted,

/s/ *David L. Johnson*
David L. Johnson, #18732
BUTLER SNOW LLP
*The Pinnacle at Symphony Place*
150 Third Avenue South, Suite 1600
Nashville, TN 37201
(615) 651-6700

*Attorneys for Plaintiffs*

33373747v1